UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| WILLIE ERVING TAYLOR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 2:07-CV-440 PS |
| vs. | ) | |
| | ) | |
| CITY OF GARY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Willie Erving Taylor, Jr., a *pro se* prisoner, submitted a complaint and an *in forma pauperis* petition.  Taylor is barred from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g) because he has on three or more[1] prior occasions filed a complaint or appeal which did not state a claim for which relief could be granted.  This is not news to Taylor; he has been so informed by this Court on five prior occasions.[2]  Now he has sent this case and two others to the clerk along with three separate *in forma pauperis* petitions.[3]

---

[1] Indeed, it appears that he has done so nine times. *See Taylor v. State of Indiana*, 3:96-CV-924 (dismissed January 7, 1997), *Taylor v. State of Indiana*, 3:97-CV-5 (dismissed January 8, 1997), *Taylor v. State of Indiana*, 2:97-CV-40 (dismissed March 7, 1997), *Taylor v. Moutaw*, 3:97-CV-427 (dismissed July 15, 1997), *Taylor v. State of Indiana*, 3:00-CV-472 (dismissed September 27, 1997), *Taylor v. State of Indiana*, 3:97-CV-509 (dismissed October 17, 1997), *Taylor v. USX Corp.*, 2:00-CV-395 (dismissed July 19, 2000), *Taylor v. EJ&E Railroad*, 2:00-CV-398 (dismissed July 19, 2000), and *Taylor v. Gary Police Dep't*, 2:00-CV-396 (dismissed March 13, 2001).

[2] In *Taylor v. Justah*, 3:03-CV-689, he was informed that he had three or more strikes in this Court's order denying him leave to proceed *in forma pauperis* on October 22, 2003 and again on November 12, 2003 in the order denying his motion to reconsider that ruling.  In *Taylor v. Buss*, 3:03-CV-692, he was informed that he had three or more strikes in this Court's order denying him leave to proceed *in forma pauperis* on October 23, 2003 and again on November 14, 2003 in the order denying his motion to reconsider that ruling.  In *Taylor v. Jennings*, 2:03-CV-419, he was informed that he had three or more strikes in this Court's order denying him leave to proceed *in forma pauperis* on November 14, 2003.

[3] *See Taylor v. Dominguez*, 2:07-CV-438 and *Taylor v. Peteet*, 2:07-CV-439.

The Seventh Circuit dealt with a similar litigant in *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999) and provided guidance to district courts in this type of situation.

> Litigants to whom § 1915(g) applies take heed!  An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit.  Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.  Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees.  Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders.  This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Id*. at 859.  Similar to *Sloan*, this case will also be dismissed, the filing fee assessed, and Taylor restricted until he has paid in full all outstanding filing fees and sanctions.  The restriction imposed by this Order does "not impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes."  *Support Sys. Int'l*, 45 F.3d at 186.  Nor does it restrict him from filing a notice of appeal.

For the foregoing reasons, the Court:

(1) **DISMISSES** this case **WITHOUT PREJUDICE**;

(2) **ORDERS** the Plaintiff **Willie Erving Taylor, Jr., IDOC # 957099** to pay (and the facility having custody of him to automatically remit) to the Clerk of this Court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350.00 filing fee is paid in full;

(3) **DIRECTS** the Clerk of Court to return, unfiled, any papers filed in any case by or on behalf of Willie Erving Taylor, Jr. (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court; and

(4) **DIRECTS** the Clerk of Court to ensure that a copy of this order is mailed to each facility where the Plaintiff is housed until the filing fee has been paid in full.

**SO ORDERED**.

ENTERED: January 2, 2008

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
